UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GINA DUGAN AND DOROTHY E. RIJOS,

                        Plaintiffs,                  **ORDER**
                                                                                            CV 09-5720 (LDW)(ARL)

          -against-

NEW YORK COMMUNITY BANCORP, INC.,
et al.,

                        Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' letter application dated October 20, 2010, seeking to compel the defendants to provide more complete responses to three discovery requests. The defendants oppose the application by letter dated October 26, 2010. The plaintiffs have also submitted a reply to the letter application, which will not be considered by the court. *See* Local Civil Rule 37.3(c). For the reasons set forth below, the motion is granted, in part.

      The plaintiffs first seek documents related to the personnel file of Barbara Rohde, an employee of the defendants, who reported to the plaintiff Gina Dugan. In their request, the plaintiffs specifically ask for documents associated with complaints regarding the defendants or complaints related to Dugan. The defendants have indicated that no such documents exist with the exception of a memo authored by Shannon Mashburn. With respect to that memo, the plaintiffs seek to have Barbara Rohde validate the memo. The plaintiffs' request for the Rohde personnel file is denied. As was suggested by the defendants, the plaintiffs may depose Barbara Rohde with respect to her recollections about the meeting that formed the basis of the Mashburn memo.

      The plaintiffs also seek a listing of bank employees terminated since November, 2008. The plaintiffs contend that the documents are needed to show that the bank was firing employees rather than laying them off. The only claims that remain in the case are the plaintiff Dugan's claim based on retaliation for complaining about her supervisor's treatment and the plaintiff Rijos' claim of disparate pay and/or treatment and retaliation for complaining about the pay discrepancy. Accordingly, the court agrees that the plaintiffs' allegation that the bank was firing employees rather than laying them off is irrelevant.

      Finally, the plaintiffs seek all corporate reorganization e-mails starting with January, 2009. The plaintiffs contend that the e-mails will show that Rijos and her male comparator, Fennell, were promoted at the same time but that Fennell was paid a higher salary. The court agrees that the request is overly broad and that general reorganization documents are unlikely to be relevant. The defendants should, however, provided e-mails related to the job and salary

history for Rijos and Fennell, if such documents exist.

Dated: Central Islip, New York
       November 2, 2010

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge