UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GINA DUGAN and DOROTHY E. RIJOS,

                    Plaintiffs,

                    -against-

NEW YORK COMMUNITY BANCORP,
INC., BARBARA TOSI RENNA,
LOUIS RICCIO and ROBERT WANN,

                    Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-5720

(Wexler, J.)

APPEARANCES:

    PATRICK W. JOHNSON, P.C.
    BY: PATRICK W. JOHNSON, ESQ.
    Attorney for Plaintiff
    9116 Third Avenue
    Brooklyn, New York 11209

    JACKSON LEWIS LLP
    BY: MARK S. MANCHER, ESQ.
    Attorneys for Defendants
    59 South Service Road, Suite 410
    Melville, New York 11747

WEXLER, District Judge

      This is an employment discrimination action that was originally commenced by Plaintiffs Gina Dugan ("Dugan") and Dorothy E. Rijos ("Rijos"), alleging federal and state law claims sounding in employment discrimination. In August of 2010, this court ruled on Defendants' motion to dismiss. The claims remaining after that decision were both Plaintiffs' claims of retaliatory discharge, and the claim of Rijos based upon an allegation of disparate pay and/or treatment. The parties have engaged in discovery and Dugan has settled her claim. Thus, the

only claims remaining for trial are those of Plaintiff Rijos. Presently before the court is the motion of Rijos to reconsider this court's ruling as to the motion to dismiss, and to amend her complaint to reinstate the previously dismissed hostile environment claim.

## DISCUSSION

I. Legal Standard

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

II. Disposition of the Motion

Plaintiff claims that reinstatement is appropriate because discovery has revealed facts to support her previously dismissed hostile environment claim. The court has reviewed the parties'

2

submissions, and concludes that it should neither revisit the dismissal of Plaintiff's hostile environment claim, nor allow Plaintiff to amend her complaint to reassert that claim. Plaintiff's proffered new evidence does nothing to change the court's previously stated conclusion that Plaintiff's allegations do not rise to the level of a gender-based hostile working environment. The testimony Rijos seeks to rely upon occurred after she was terminated and/or is attributable to a supervisor for whom Rijos never worked. Rijos can point to no newly discovered factual material that could support a claim that she was subjected to a gender-based hostile environment. Accordingly, the motion for reconsideration of this court's earlier dismissal is denied. For the same reason, the court denies Plaintiff leave to amend her complaint to assert a hostile environment claim. The deadline for amendment of pleadings has long passed, and discovery has proceeded only upon the claims that this court allowed. Allowing the requested amendment at this stage would be both futile and unfair.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Clerk of the court is directed to terminate: (1) the motion appearing as entry 49, based upon this court's decision, and (2) the motion to adjourn appearing as docket entry 44, on the ground that the relief requested therein is moot.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 15, 2010